VINCENT P. OPALEK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Opalek v. Commissioner
Docket No. 25837-82.
United States Tax Court
T.C. Memo 1984-521; 1984 Tax Ct. Memo LEXIS 152; 48 T.C.M. (CCH) 1259; T.C.M. (RIA) 84521; October 1, 1984. Vincent P. Opalek, pro se. Steve Mather, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a) [1]
1979
$3,468.00
$867.00
$173.40
$145.65
1980
4,182.44
1,045.61
209.12
267.67
*153 In the petition and in other documents submitted to the Court, petitioner set forth various frivolous arguments previously rejected by this and other courts. At the time of trial, however, petitioner abandoned those arguments and attempted to establish his entitlement to a deduction for contributions. He confirmed that the amount of income determined by respondent in the statutory notice was correct. As to the claimed charitable contributions, petitioner has the burden of proof. ; ; Rule 142(a). To be entitled to a deduction for contributions under section 170, he must establish that he made an unconditional gift to a qualified entity during the tax year in question. ; , affd. . Petitioner testified that for many years he has sponsored Asian refugees relocating in this country, voluntarily providing them with shelter, food, clothing, and assistance in obtaining employment. Petitioner *154 claims that the amounts spent in this regard were at least 50 percent of his income. He did not, however, present any documentary evidence substantiating his expenditures. He did not present any evidence that the organization or organizations through which he claimed to have performed charitable deeds were qualified entities. He thus failed to satisfy his burden of proof, and no deductions may be allowed. During trial, petitioner spent a great deal of time explaining the moral value of his efforts. He acknowledged, however, that his inability to establish deductions may have been attributable, in part, to his erroneous reliance on certain organizations. He stated that he continued to be a member of Your Heritage Protection Association, [2] but that he intended to advise the members of that organization that the arguments that they were making were unavailing and that they should take a "more positive approach." He also made reference toi reliance on the Universal Life Church. Hopefully petitioner has now learned the folly of his prior activities. If he has not, and if, contrary to his statements at trial of this case, he should revert to frivolous arguments in any future proceeding *155 in this Court, he should anticipate that the Court in any such proceeding would award damages in an amount up to $5,000 under section 6673. [3]
*156 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. See ; . ↩
3. Sec. 6673, as applicable to this proceeding, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Sec. 6673, as applicable to cases filed after December 31, 1982, or pending in this Court 120 days after July 18, 1984, the date of enactment of the Tax Reform Act of 1984, Pub. L. 93-369, 98 Stat. 494, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩